## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL LARRY,** | : | **Case No. 1:08-CV-1233** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **STUART HUDSON, Warden,** | : | **ORDER** |
| **Defendant.** | : | |

Michael Larry petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional sufficiency of his conviction for Burglary and Receiving Stolen Property. (Doc. 1.) Larry contends that the state trial court violated his rights to due process, equal protection, and effective assistance of counsel. Larry's petition was referred to Magistrate Judge James S. Gallas ("Judge Gallas"), pursuant to 28 U.S.C. §636(b)(1)(C). On July 17, 2009, Judge Gallas submitted his Report and Recommendation ("R&R") to the Court, which recommended that the petition be denied. (Doc. 11.) Judge Gallas' R&R explained that failure by Larry to object to the R&R would result in the waiver of any right to object.

Larry has not filed any objection to this R&R and "[f]ailure to object to an adverse magistrate's report and recommendation, after being advised of the consequences, constitutes a waiver of further appellate review." *Smith v. Franklin*, 872 F.2d 1028 (6th Cir. 1989) (unpublished) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Javaherpour v. United States*, 315 Fed. Appx. 505, 508 (6th Cir. 2009) ("[A] party must file timely objections with the district court to avoid waiving appellate review." (citing *States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981))). Indeed:

> In *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 471, 88 L. Ed. 2d 435 (1985), the United States Supreme Court specifically upheld [the Sixth Circuit's] rule conditioning the right to appeal a district court's order on the filing of specific objections to the magistrate's report and recommendation. The Court noted that "the Sixth Circuit rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Id*.

*Wilson v. McMacken*, 786 F.2d 216, 220 (6th Cir. 1986) (discussing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254); *see also Blandin v. Williams*, No. 3:08-CV-2172, 2009 U.S. Dist. LEXIS 54111, at *3 (N.D. Ohio June 26, 2009) ("A [§ 2254] petitioner who fails to object to legal or factual conclusions of a report and recommendation waives review of those issues.").

Because Larry has not objected to any portion of Judge Gallas' R&R recommending that this Court dismiss Larry's petition, it is unnecessary to review Larry's petition further. Larry's petition is, accordingly, **DISMISSED**.

The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

This case is, consequently, **DISMISSED**.

**IT IS SO ORDERED.**

        s/Kathleen M. O'Malley
        **KATHLEEN McDONALD O'MALLEY**
        **UNITED STATES DISTRICT JUDGE**

Dated: October 8, 2009